

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| KRYSTIAN SINGLETARY and KELSEY SUNDE,<br>　　　　Plaintiffs,<br><br>vs.<br><br>KING CRAB BOILING SEAFOOD AND BAR, INC., JOHN LIN, DAVID CHEN, BLAKE WILLIAMS, DAVID TAN, and WEI LONG,<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§ Civil Action No.: 3:22-1591-MGL<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING IN PART AND DENYING IN PART
DEFENDANT' MOTION FOR SUMMARY JUDGMENT,
AND DISMISSING CERTAIN CLAIMS AS DESCRIBED HEREIN**

　　Plaintiffs Krystian Singletary (Singletary) and Kelsey Sunde (Sunde) (collectively, Plaintiffs) sue Defendants John Lin (Lin), David Chen (Chen), David Tan (Tan), Wei Long, and Blake Williams (Williams) (collectively, Individual Defendants), and King Crab Boiling Seafood and Bar, Inc., doing business as Yummi Crab (Yummi Crab) (collectively, Defendants).

　　Against Individual Defendants, Plaintiffs raises a cause of action under the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, *et seq.* (SCPWA).  Singletary also brought an assault cause of action against Williams, although Plaintiffs never served him with the complaint.

　　Against Yummi Crab, Plaintiffs assert causes of action for discrimination based on sex and race, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Title VII), and a cause of action under the SCPWA.

This matter is before the Court for review of the Report and Recommendation of the Magistrate Judge (Report) recommending the Court grant in part and deny in part Defendants' motion for summary judgment. Specifically, the Magistrate Judge suggests Defendants' motion be denied as to Sunde's Title VII sex and race based discrimination failure to promote claim and Plaintiffs' Title VII sex-based hostile work environment claims against Yummi Crab. According to the Magistrate Judge, the Court should grant Defendants' motion for summary judgment as to the remainder of Plaintiffs' claims. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge issued the Report on November 17, 2023. Plaintiffs and Defendants both filed objections on December 1, 2023. Defendants replied on December 15, 2023, and Plaintiffs replied on January 8, 2024. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Defendants make several objections to the Report.

First, Defendants object to the Magistrate Judge's consideration of certain declarations, which were originally filed without a "wet" signature. They contend allowing consideration of these declarations would set a dangerous precedent. Plaintiffs insist the Court should consider them because they can be converted into an admissible form for trial.

On motions for summary judgment, the Court may consider "the content or substance of otherwise inadmissible materials where . . . the party submitting the evidence show[s] that it will be possible to put the information . . . into an admissible form." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 538 (4th Cir. 2015), as amended (June 24, 2015) (citation omitted) (internal quotation marks omitted).

Here, Plaintiffs have provided new copies of their own declarations with wet signatures, although they have failed to provide a copy of the third declaration, by Ece Erkek. And, they explain the documents were prepared during the height of the COVID-19 pandemic, which increased the difficulty of meeting to sign paperwork. Moreover, it appears the information will likely be admissible at trial through the declarants' testimony.

Given the excuse for the original failure to obtain wet signatures, the addition of the wet signatures, and the information in the documents is likely admissible at trial, the Court agrees with the Magistrate Judge it is proper to consider them.

The Court will thus overrule this objection.

Further, Defendants object to the Magistrate Judge's consideration of several audio recordings, arguing they are unauthenticated and inadmissible. Plaintiffs maintain the Court may properly consider them.

Similar to the previous objection, Plaintiffs may be able to put the information into an admissible form, such as through Plaintiffs' testimony. Thus, even if Plaintiffs are unable to authenticate the audio recordings, the Court deems it appropriate to consider the contents for this motion. *See id.* (reasoning the Court can consider otherwise inadmissible materials at the summary judgment stage if the proffering party shows it will be able to present the information in an admissible form at trial).

The Court will therefore overrule this objection, as well.

Moreover, Defendants posit the Magistrate Judge improperly credited generalized allegations to determine a genuine issue of material fact exists as to Plaintiffs sex-based hostile work environment claims. Plaintiffs contend Defendants overlook much of their evidence.

Plaintiffs point to evidence Singletary told Chen that Lin was "making it hell for" them to do their jobs. February 10, 2020, Audio Recording 26:28–33. They also reiterate Lin asked them, rather than male colleagues, repeatedly to engage in sexual acts and to be his girlfriend. And, they cite evidence that several male employees, including Williams and Chen, engaged in unwelcome touching of Plaintiffs, including one instance when Chen thrusted his pelvis into Sunde's back.

The Court need not repeat the Magistrate Judge's analysis of the evidence creating a genuine issue of material fact as to this claim. Suffice it to say, the Court determines Plaintiffs have shown a genuine issue of material fact that the cumulative impact of the incidents of inappropriate workplace conduct by Individual Defendants created an actionable hostile work environment claim. *See E.E.O.C. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 318 (4th Cir. 2008) ("Any of the above incidents, viewed in isolation, would not have been enough to have transformed the workplace into a hostile or abusive one. No employer can . . . be held liable for single or scattered incidents. We cannot ignore, however, the habitual use of epithets here or view the conduct without an eye for its cumulative effect."). Therefore, the Court will overrule this objection, too.

Additionally, Defendants contend the Magistrate Judge improperly recognized Sunde's failure to promote claim. Plaintiffs contend Sunde pursued this claim.

Plaintiffs identified management positions for which Sunde asked to be considered. The complaint alleges Chen told her the next promotion would go to "one of us[,]" allegedly meaning

4

an Asian male. Complaint ¶ 56. She adds Tan was promoted to the management position instead of her. Finally, the complaint alleges race and sex discrimination causes of action.

These allegations, coupled with discovery requests regarding Tan's promotion and Sunde's applications while working for Yummi Crab, provided Defendants with sufficient notice of Sunde's failure to promote claim. *See Stanton v. Elliott*, 25 F.4th 227, 238 (4th Cir. 2022) ("Plaintiffs need not put a claim under a special heading, quote the statute, or use magic words to make out a claim. Courts should focus on the substance of the allegations to avoid making pleading a formalistic headache.").

The Court will thus overrule this objection, as well.

And, Defendants posit Sunde's failure to promote claim fails because she has neglected to meet her burden of establishing a prima facie case. Plaintiffs aver a prima facie case is unrequired because Sunde has shown direct evidence of discrimination.

The Supreme Court established the *McDonnell Douglas* burden shifting framework for cases in which a plaintiff lacked direct evidence of discrimination. *See Young v. United Parcel Serv., Inc.,* 575 U.S. 206, 206 (2015) (explaining a plaintiff could prove discrimination claim "either by direct evidence . . . or by using the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792" (1973)).

As the Court stated above, Plaintiffs have provided evidence Chen told her management positions would go to "one of us[.]" Complaint ¶ 56. This is direct evidence Yummi Crab allegedly discriminated against Sunde when it promoted Tan.

Accordingly, the Court will also overrule this objection.

The Court now turns to Plaintiffs' objection, in which they posit a genuine issue of material fact exists regarding pretext as to their retaliation claims.

As to Singletary, they argue Defendants' shifting explanation for her termination and their negative reaction to her harassment complaints show a genuine issue of material fact as to pretext. Defendants insist Plaintiffs misstate the evidence.

Defendants maintain they terminated Singletary because she refused to return an accidental overpayment to her paycheck. But, Chen testified they told her it was because they "d[id]n't need her anymore." Chen Deposition 102:15–16. And, Singletary avers Tan told her "[i]t's just not working out." Singletary EEOC Statement ¶ 24.

Singletary also points to evidence Chen said she had an attitude. Although she interprets these statements as relating to the allegations of harassment, Defendants argue they relate to the paycheck dispute.

Plaintiffs are correct: "[t]he fact that an employer 'has offered different justifications at different times for [an adverse employment action] is, in and of itself, probative of pretext." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 576 (4th Cir. 2015) (quoting *EEOC v. Sears Roebuck & Co.*, 243 F.3d 846, 852–53 (4th Cir. 2001)).

Plaintiffs, however, fail to acknowledge the context of Chen's deposition testimony. Just before the comment quoted above, Chen stated when Singletary was terminated, he and Tan

> talked about the attitude she gave me, the mishonor, dishonor, how dishonest she is. Because I t[old] Tan that she admitted she [was] going to pay me but now she says she's not going to pay me because it's my fault. So he sa[id] yeah, we don't accept this kind of behavior, we're just going to call her and tell her we no longer need her anymore.

Chen Deposition 101: 1–7.

In context, Chen's testimony fails to indicate any inconsistency.

6

Similarly, Defendants aver Chen called her "hardheaded" because she opposed another employee getting written up for switching a shift without informing him. The Court agrees the recordings provided by Plaintiffs support this explanation.

Additionally, Singletary claims Lin twice told her to "put in [her] two weeks' notice if [she] didn't want to work around him." Singletary EEOC Statement ¶ 20. She contends "David" was present and failed to say anything in response to Lin's comments. *Id.* The Court infers she is referring to Chen, although she fails to specify if she means David Chen or David Tan.

Even if Chen overheard Lin's comments, his presence fails to indicate pretext on his part. At the time of the comments, Chen had already spoken to Singletary insisting she return the overpayment.

Therefore, Plaintiffs have failed to show a genuine issue of material fact the proffered reason for Singletary's dismissal was pretext. The Court will thus overrule this objection as to Singletary.

As to Sunde, Plaintiffs maintain the Magistrate Judge made improper credibility determinations in recommending dismissal of her retaliation claim. Defendants aver Plaintiffs have failed to present evidence, beyond speculation, to create a genuine issue of material fact.

Defendants claim Yummi Crab terminated Sunde because she failed to communicate her intention to return to work after the COVID-19 shutdowns. Sunde alleges she was locked out of the Yummi Crab communications portal and so sent Chen a text message. She states she can see the message was read but received no response. Chen testified he never received a text message or other communication from Sunde.

Yummi Crab has presented evidence other employees were taken off the schedule for failing to respond to its inquiries. Additionally, Sunde is unable to provide a copy of the text

message she alleges she sent.  She has neglected to provide evidence she followed up with Chen or anyone at Yummi Crab by text, voicemail, or other means.

Sunde has thus also failed to create a genuine issue of material fact Defendants' proffered reason for her termination is pretext.  Thus, the Court will overrule this objection as to Sunde, as well.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Defendants' motion is **GRANTED IN PART AND DENIED IN PART**.  Specifically, the motion is **DENIED** as to Sunde's Title VII race and sex discrimination failure to promote claim and Plaintiffs' Title VII sex-based hostile work environment claims and **GRANTED** as to Plaintiffs' other claims. This disposes of all claims against Individual Defendants.

**IT IS SO ORDERED**.

Signed this 11th day of April 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>MARY GEIGER LEWIS<br>UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.